OCTAVIO WYS, Plaintiff and Appellant, *v.* RITO MALDONADO, Defendant and Appellant.

No. 3473. Argued March 11, 1925.—Decided April 24, 1925.

1. DAMAGES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.—It is not error for the trial court to find on the allegations of the defendant that the plaintiff was partly but not entirely to blame for the proximate cause of the accident.
2. ID.—ID.—ID.—RECONSIDERATION—SURPRISE.—The court does not err when in reconsidering its judgment it finds that the plaintiff was guilty of contributory negligence on an allegation of the defendant that the plaintiff's negligence was the cause of the accident, and the plaintiff can not plead surprise, because that allegation of the defendant was sufficient notice of his contention.
3. ID.—ID.—ID.—The trial court does not err in finding that plaintiff and defendant were both partly to blame for an accident when the evidence as a whole tends to show that such was the case.

District Court of Ponce, R. Díaz Cintrón, J. Judgment of dismissal in an action for damages. *Affirmed.*

*Carlos Brunet del Valle* for the plaintiff. *Domingo Sepúlveda* for the defendant.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This action originated in the Municipal Court of Ponce

and in it both the plaintiff and the defendant pray for damages as the result of a collision between two motor vehicles.

The plaintiff alleged that the sole cause of the accident was the negligence of the defendant, and the defendant not only denies that material allegation of the complaint but sets up a counter-claim charging all blame against the plaintiff and praying for the damages caused to his automobile by the collision.

On May 21, 1924, the district court rendered judgment on appeal sustaining . the complaint and dismissing the counter-complaint.

On May 26, 1924, the defendant moved for reconsideration of that judgment.and after more mature consideration of the evidence the court reconsidered its judgment and dismissed both the complaint and the counter-complaint.

Both parties appealed from the judgment and allege that the trial court erred in weighing the evidence. The plaintiff also alleges that the court erred in reconsidering its judgment on grounds not set up in the motion for reconsideration.

The court reconsidered its judgment on the ground that there was contributory negligence on the part of the plaintiff's chauffeur, and the plaintiff contends that as this was not one of the allegations of the defendant, the ruling was a surprise to him, as he at no time was given an opportunity to anticipate the grounds of the decision modifying the judgment. The essential contention of the plaintiff is that the allegation of contributory negligence was an admission of negligence on the part of the defendant. This seems to be the rule when it is the only defense, but other authorities hold that such defense is not inconsistent with a denial that the defendant was negligent. 20 R.C.L. 107.

The defendant, both in the answer and in the counter-complaint, alleged that the negligence of the plaintiff's chauffeur was the only cause of the accident, and it does not appear logical to hold that the charge that only the plaintiff

was negligent was not sufficient notice to him of the defendant's theory of the case. Consequently, the district court did not err, considering the allegations of the defendant, in finding that the plaintiff was partly but not entirely to blame for the proximate cause of the accident.

We have examined the evidence carefully and as a whole it tends to establish, as the court below found, that in fact both the plaintiff and the defendant were to blame for the accident and, therefore, neither can complain of the consequences of such negligence.

The judgment of the trial court must be affirmed.